IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONI ZOONER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-479 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiff's Motion to Remand (Doc. 5) will be denied, with instructions.

In this diversity action, Plaintiff has indicated a willingness to "cap . . . damages in a sum no more than $75,000." *Id.* at ¶ 4. This Court has, on more than one occasion, remanded cases where a plaintiff's stipulation clarifies (rather than amends) the pleadings to confirm that he or she does not seek, and will not accept, judgment in excess of the statutory minimum. *See, e.g.*, Doc. 13 in Civil Action No. 2:20-876; Doc. 5 in Civil Action No. 2:17-1210; Doc. 16 in Civil Action No. 2:13-104; *see also, e.g.*, Brewer v. Geico, 2014 WL 241756, *5 n.3 (W.D. Pa. Jan. 22, 2014) (recognizing permissibility of the same); Rosado v. Encompass Ins. Co., 2010 WL 2431829, *2 (E.D. Pa. Jun. 10, 2010) (same).

Here, the Complaint is ambiguous regarding the dollar amount of damages requested; and this case is of-the-type where a clarifying stipulation is permissible. While oftentimes the Court has seen such stipulations signed by both sides, there is nothing in the law, from the undersigned's perspective, requiring Defendant's assent.

2

Accordingly, Plaintiff is afforded until **April 22, 2022**, to file a stipulation (or affidavit) indicating that she does not seek, and will not accept, recovery in excess of $75,000.00. If a compliant stipulation/affidavit is timely filed, the case will be remanded forthwith.

    IT IS SO ORDERED.


April 13, 2022                                                      s/Cathy Bissoon  
                                                                Cathy Bissoon  
                                                                United States District Judge


cc (via ECF email notification):

All Counsel of Record